IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**GEORGE FIELDS**                                                                 **PETITIONER**

v.                                                                                  No. 1:15-cr-111-GHD

**USA**                                                                           **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of George Fields to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. The government has responded to the motion, and the matter is ripe for resolution.

### Facts and Procedural Posture

Fields was involved in a drug trafficking organization in Clay and Chickasaw Counties that was led by Christopher Graham.[1] ECF doc. 474, pg. 19. In total, Graham provided Fields with approximately twelve (12) ounces of methamphetamine over the course of seven (7) months, which Fields distributed. *Id.* Fields sometimes paid for the product in advance and was sometimes fronted the methamphetamine by Graham, who was paid after Fields had sold the drugs. *Id.* On May 21, 2015, a confidential source, using official funds, purchased one (1) ounce of methamphetamine from Fields for $1,550.00, in Okolona, Mississippi. *Id.* The D.E.A. tested the purchased substance and found it to contain approximately 21.6 grams of methamphetamine. *Id.* On July 16, 2015, a confidential source, using official funds, purchased two (2) ounces of methamphetamine from Fields in Clay County for $2,400.00. *Id.* The D.E.A. also tested this

---

[1] These facts were set forth by the Assistant U.S. Attorney at the change of plea hearing and Fields agreed that these facts were accurate. ECF doc. 474, pg. 20.

substance and found it to contain approximately 54.7 grams of methamphetamine. *Id.* During each of these sales, Fields told the confidential source that he would have to contact his source to obtain that amount of methamphetamine, and analysis confirmed that Fields had communicated with a phone used by Graham before and after each of these sales. *Id.* Both transactions were also captured on surveillance. *Id.* Finally, a court-authorized wire-tap confirmed that Graham was Fields' supplier. *Id* at 20.

Fields was indicted on charges of conspiracy to distribute methamphetamine (Count I) and distribution of methamphetamine (Counts VI and VII), in a Superseding Indictment entered in December 10, 2015. ECF doc. 51.[2] Fields initially pleaded not guilty to all charges. ECF doc. 128. On June 29, 2016, Fields pleaded guilty to Counts I, VI, and VII of the superseding indictment and was sentenced to serve a term of fifty-eight (58) months on each of Counts I, VI, and VII, to be served concurrently, as well as three (3) years of supervised release on each count, to run concurrently. ECF docs. 235 and 310. In addition, the charges against Field in the original indictment were dismissed. *Id.* On September 26, 2017, Fields filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. §2255. ECF doc. 467. The Court has considered the merits of Fields' petition and, for the reasons discussed below, finds that relief is not warranted in this case.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise

---

[2] Fields was originally indicted, along with co-defendants, of conspiracy to distribute methamphetamine (Count I) and distribution of methamphetamine (Counts VI and VII). ECF doc. 17.

subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The scope of relief under § 2255 is the same as that of a petition for a writ of *habeas corpus. Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant is may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

### Field's §2255 Claims

In the instant §2255 motion, Fields makes the following claim for relief, which the court has restated for clarity:

> **Ground One:** Fields' attorney was constitutionally ineffective for failing to ask the court to consider whether Fields played a minor role in the conspiracy pursuant to §3B1.2 of the Sentencing Guidelines.
>
> **Ground Two:** Field's attorney led him to believe the sentence would be thirty-six (36) months.[3]

---

[3] Fields did not set this allegation out as a separate claim in his motion. However, for the purposes of clarity, the Court has separated these grounds.

3

### Standard for Ineffective Assistance of Counsel Claims

The U.S. Supreme Court has ruled that claims of ineffective assistance of counsel are governed by the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland, supra*, by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986) (overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that they were not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). A determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). Further, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards.

4

*Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, Petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Strickland*, 466 U.S. at 687. Petitioner must also demonstrate a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Id.* at 694. *See also Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir, 1998). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad v. Anderson, supra*. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986). A habeas corpus petitioner must affirmatively plead this resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

> **Ground One:** Fields' attorney was not constitutionally ineffective for failing to ask the court to consider whether Fields played a minor role in the conspiracy pursuant to §3B1.2 of the Sentencing Guidelines.

Fields alleges that he played a minor role in the conspiracy and was entitled to an adjustment under §3B1.2 of the Sentencing Guidelines. That section provides, in pertinent part, that "[i]f a defendant was a minor participant in any criminal activity, decrease by 2 levels." According to the commentary for §3B1.2, a "minor participant" is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." Further, the commentary states that a defendant may receive the benefit of the

5

adjustment if he "is substantially less culpable than the average participant in the criminal activity." The Fifth Circuit has held:

> The defendant bears the burden of proving that his role in the offense was minor or minimal. *E.g., United States v. Brown*, 7 F.3d 1155, 1160 n. 2 (5th Cir. 1993). In making the determination, the court must take into account the broad context of the defendant's crime. *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

*United States v. Atanda*, 60 F.3d 196, 198 (5th Cir. 1995). Finally, the Fifth Circuit has held, "[i]t is not enough that a defendant 'does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity.'" *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) citing *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir.2001).

Fields did not play a "minor role" in the conspiracy in this case and was certainly not "peripheral to the advancement of the illicit activity." *Miranda, supra*. On the contrary, Fields played an integral role in the drug trafficking organization. The facts, which Fields agreed were accurate, show that Fields either purchased or was fronted approximately twelve (12) ounces of methamphetamine and then distributed the drugs for the organization. As such, without Fields, the trafficking scheme would not have been profitable. Therefore, Fields was not entitled to the adjustment under §3B1.2.

Because Fields was not entitled to the adjustment, his attorney cannot be considered deficient in choosing not to pursue this avenue. Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Moreover, Fields cannot demonstrate that he was prejudiced by his attorney's decision not to pursue this issue. Under the Sentencing Guidelines, Fields had a total offense level of 27 and a criminal history category of II, which

provided for a term of 78 to 97 months. ECF doc. 475, pg. 3. However, the Court departed from the Guidelines, sentencing Fields to a term of 58 months, 20 months below the recommended minimum. *Id.* at 9. Assuming *arguendo* that Fields had received the adjustment of two (2) offense levels under §3B1.2, his offense level would have been 25 and the Guidelines would have provided for a sentence of 63 to 78 months. As such, Fields actually received a lesser sentence than he would have with the adjustment he now claims to have been denied. For these reasons, Fields' allegation in Ground One is without merit and is denied.

> **Ground Two:** Field's attorney was not ineffective for allegedly leading him to believe the sentence would be thirty-six (36) months.

Fields also alleges that his attorney led him to believe that he would receive a sentence of thirty-six (36) months. ECF doc. 467, pg. 5. Fields asserts that "at the eleventh hour" he was informed that the plea agreement would be for fifty-eight (58) months. *Id.* at 6. Fields has not presented the Court with any evidence to support his claim. As the Fifth Circuit has held:

> This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial we [can find] no merit to these [claims]." *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).

*Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Therefore, this conclusory allegation is not a valid claim before this Court. Moreover, at his change of plea hearing, Fields agreed to the accuracy of the plea agreement and stated that he was pleading guilty of his own free will. ECF doc. 474, pp. 16-17. Furthermore, Fields stated under oath that he had not received any promises as to a sentence. *Id.* at 17. There is nothing in the record to indicate that Fields' attorney misled him with regard to the potential sentence. To the contrary, based on Fields' own contentions, his attorney explained to him prior to sentencing that the potential

7

sentence would be 58 months, which was the sentence Fields actually received after the Court chose to take a downward departure from the Guidelines. As such, Fields' allegation in Ground Two is without merit and is denied.

## Conclusion

As discussed above, Fields' claims in Grounds One and Two lack merit, and the instant motion to vacate, set aside, or correct George Fields' sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 26th day of February, 2018.

GLEN H. DAVIDSON
SENIOR U.S. DISTRICT JUDGE